UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-00133-MCS-MAR** | Date | February 6, 2026 |
| Title | *Gallardo Sanchez v. FCA US, LLC* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER REMANDING CASE (JS-6)**

The Court ordered Defendant FCA US, LLC, to show cause why the case should not be remanded for lack of subject-matter jurisdiction. (OSC, ECF No. 11.) Defendant filed a response. (Def.'s Resp., ECF No. 13.)

## I.    BACKGROUND

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA") and other state laws. According to the complaint, Plaintiff purchased a 2018 Jeep Compass ("Vehicle") suffering from engine, start/stop, transmission, and electrical defects, which Defendant has failed to remedy. (*E.g.*, Compl. ¶¶ 7, 12, 27, ECF No. 1-1.) The complaint seeks damages, restitution, diminution in value, punitive damages, a civil penalty, prejudgment interest and costs of suit, reasonable attorneys' fees, and any other relief deemed proper. (See *id.*, Prayer for Relief.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 25STCV18163. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)

## III.    DISCUSSION

The amount in controversy is not clear from the face of the complaint. Plaintiff pleads that he suffered damages "not less than $35,001.00," (Compl. ¶ 35), but nothing in the complaint indicates whether the total amount Plaintiff seeks exceeds $75,000, *cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether *all* these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

In its response, Defendant offers an analysis of the damages, civil penalty, and attorneys' fees placed in controversy. (*See generally* Def.'s Resp.)[1] Defendant fails to show by a preponderance of the evidence that these remedies place over $75,000 in controversy.

## A.     Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant submits that Plaintiff may recover damages up to the total sales price of the Vehicle, $49,973.20. (Def.'s Resp. 5; *see also* Notice of Removal Ex. C, ECF No. 1-3.) However, the total sale price does not provide an apt measurement of recoverable damages. Considering the vehicle's total value in the jurisdictional damages analysis would not be "consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole" or "the general principle of *restitution* . . . which seeks to restore the plaintiff to his or her original position." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). First, Plaintiff obtained the Vehicle with a significant amount of financing. (Notice of Removal Ex. C, at 2 (indicating Plaintiff made a $1,150.00 down payment).)[2] Based on restitutionary principles, "the actual price paid or payable by the buyer includes only *paid* finance charges," not finance charges that have yet to accrue. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)). Defendant provides no estimate of the finance charges paid to date, which is necessary to calculate the price paid or payable. Second, Defendant offers no estimate of the mileage offset that might apply, instead arguing that the Court should authorize jurisdictional discovery on the issue given Plaintiff's failure to plead the Vehicle's mileage at the first repair attempt. (Def.'s Resp. 2–3.) But Plaintiff has no burden to plead facts toward federal jurisdiction in a state-court complaint; instead, as the removing party, Defendant has the burden to establish facts

---

[1] Because Defendant does not offer argument as to any other remedy, the Court assigns other remedies an estimated value of $0.

[2] This pinpoint citation refers to the CM/ECF pagination.

supporting jurisdiction in a federal court. *Guglielmino*, 506 F.3d at 699.[3] Third, the total sale price encompasses optional service contracts that are not appropriately included in the damages calculation. (Notice of Removal Ex. C, at 3 (featuring entries for optional service contracts).) *See* Cal. Civ. Code § 1793.2(d)(2)(B); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 893 n.10 (S.D. Cal. 2021).

In all, Defendant fails to demonstrate beyond speculation the damages Plaintiff's complaint places in controversy.

### B.    Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant argues that the complaint places the maximum civil penalty in controversy by virtue of Plaintiff's pleading of Defendant's willfulness. (Def.'s Resp. 3–4.) Acknowledging a split in authority, the Court respectfully declines to assume that such a penalty is at issue without some indicia of willfulness that would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g., id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA

---

[3] The request for jurisdictional discovery is denied for failure to comply with the local rules governing motion practice. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish an estimate of actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

## C.    Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits that fees in excess of $25,000 may be awarded in this action, noting several substantial fee awards in other cases involving other parties and counsel. (Def.'s Resp. 4–5; *see also* Sheridan Decl. ¶¶ 9–10, ECF No. 1-4.) Defendant provides virtually no explanation how or why fees in this case should be valued consistent with these comparators. *See Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). All but one of the scores of SBA cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other SBA cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case, which almost certainly will

settle well before trial. *Cf. id.* (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold).

### D.    Summary

The amount in controversy is not clear from the face of the complaint. Defendant fails to establish that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 25STCV18163. The Court directs the clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**